UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RECO MONTEZ DAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-01365-SPM |
| ) | |
| RED ROBBINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented Plaintiff Reco Montez Dawson for leave to commence this action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Finally, because the case is being dismissed, Plaintiff's motion for appointment of counsel will be denied as moot.

### The Complaint

Self-represented Plaintiff brings this employment discrimination action against Red Robbins,[1] a restaurant Plaintiff visited for a job interview on April 19, 2024. ECF No. 1. Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, alleging discrimination in Red Robbins' failure to hire him but also that the "terms and conditions of [his]

---

[1] Plaintiff lists only defendant "Red Robbins" on the caption of his complaint; however, in the 'Parties' section of the form complaint, Plaintiff lists a defendant "Josh" with last name unknown. ECF No. 1 at 1-2. To the extent that Plaintiff is attempting to name an employee manager of Red Robbins as a defendant as well, Plaintiff should be aware that Title VII does not impose individual liability and only addresses the conduct of employers. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006).

employment differ[ed] from those of similar employees."² *Id.* at 4. On the form Complaint, Plaintiff indicates that he is pursuing claims of discrimination based on his race, color, and gender. Plaintiff's brief factual allegations are best stated in his own words:

> I signed an electric application opting in a time to be interviewed April 19, 2024. I showed up on time. I ask[ed] the waitress to inform the manager. She walked me back[.] Josh looked me up and down and said we are not doing interviews.

*Id.* at 5.

Plaintiff states that he filed a charge of discrimination with the Equal Employment Opportunity Commission on September 27, 2024, and he attached to his Complaint a Right-to-Sue letter which was issued the same date. *Id.* at 3; ECF No. 1-1.

For relief, Plaintiff "would like to see a judge" and "would like for waivers to be applied, and a lawyer." ECF No. 1 at 7.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir.

---

² Plaintiff does not explain how the 'terms and conditions' of his employment could differ from other employees, because, based on the allegations of the Complaint, he was never actually employed by defendant Red Robbins. As such, the Court will construe this complaint as asserting only a failure-to-hire claim.

2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Based on a careful review and liberal construction of the Complaint before the Court, the Court finds that Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). For the reasons discussed below, this case will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013)); *see also* 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination in the failure-to-hire context, a plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for an open position; (3) was denied that position; and (4) that

the employer filled the position with a person not in the same protected class. *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011).

In this case, Plaintiff's allegations fail to establish any of these four elements. Plaintiff does not allege that he[3] belongs to a protected group under Title VII—that is, one based on race, color, religion, sex, or national origin. Although Plaintiff alleges discrimination based on race, color, and gender, Plaintiff never actually specifies his own race, color, or gender. The Court cannot assume facts that are not alleged in the Complaint. *Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the plaintiff that assumed facts that had not been pleaded). Plaintiff does not plead any facts indicating that he belongs to a protected class.

In addition, Plaintiff never states what position he went to Red Robbins to interview for or how he was qualified for that position. Although Plaintiff was told he would not be interviewed, he does not explain why. Plaintiff wants the Court to presume that he was not interviewed due to discrimination, but he fails to plead sufficient facts permitting such an inference. Although the Court must accept Plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In other words, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (internal quotations and citations omitted). There are no facts alleged that establish that Plaintiff was denied an open position that he was qualified for, only that he was not interviewed. Finally, Plaintiff provides no information on the person that Red Robbins did hire for the position (if any), and whether that person was or

---

[3] The Court uses the pronoun "he" throughout this Order to refer to Plaintiff because the Right-to-Sue letter attached to Plaintiff's Complaint is addressed to "Mr. Reco M. Dawson." ECF No. 1-1 at 1. However, as discussed above, Plaintiff never actually states his gender in the pleadings.

was not in the same protected class.  For all these reasons, Plaintiff's Complaint fails to meet any of the pleading requirements of a Title VII failure-to-hire case.

Simply alleging that he was not hired by defendant Red Robbins due to discrimination is not sufficient, without more, to state a plausible claim for relief.  Therefore, Plaintiff's Title VII employment discrimination action against defendant Red Robbins will be dismissed without prejudice for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Because this case is being dismissed, Plaintiff's pending motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this January 22, 2025.

                                        */s/ John A. Ross*
                                        JOHN A. ROSS
                                        UNITED STATES DISTRICT JUDGE